UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEFFREY A. KELLY,

                                    **Plaintiff,**

               **v.**                                          **1:06-CV-351**
                                                               **(FJS/RFT)**

**DAWSON'S TOWING, INC.,**

                                    **Defendant.**

---

**APPEARANCES**                                               **OF COUNSEL**

**JEFFREY A. KELLY**
Kingston, New York 12401
Plaintiff *pro se*

**OFFICE OF MATTHEW J. TURNER**            **MATTHEW J. TURNER, ESQ.**
54 Second Street
Troy, New York 12180
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

       In his second amended complaint, Plaintiff asserts that the State of New York ordered the impoundment of his vehicle and hired Defendant to tow and store his vehicle. *See* Dkt. No. 14 at 8. In addition, Plaintiff contends that Defendant sold his vehicle for salvage. *See id.* at 9. Plaintiff asserts his claim against Defendant under 42 U.S.C. § 1983.

       In its Memorandum-Decision and Order dated September 8, 2006, the Court advised Plaintiff that "42 U.S.C. § 1983 . . . 'establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.'" *See* Memorandum-Decision and Order dated September 8, 2006, at 2 (quoting *German v. Fed.*

*Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508, 110 S. Ct. 2510, 2516, 110 L. Ed. 2d 455 (1990) (quoting 42 U.S.C. § 1983))) (other citation omitted). The Court also instructed Plaintiff that "[p]arties may not be held liable under § 1983 unless the plaintiff establishes that they acted under color of state law." *See id.* at 3 (citations omitted).

Despite these instructions, Plaintiff has failed to establish any facts to support a finding that Defendant is a state actor. In fact, in his response to Defendant's motion, Plaintiff takes pains to distance the State of New York from Defendant's alleged wrongdoing: "The state of NY did not claim to sell nor did not sell Plaintiff's automobile for salvage, as has Dawson's Towing, Inc. . . ." *See* Plaintiff's Response at 4. He goes on to state that he assumes that Defendant is a private corporation and that he believes that Defendant is "not . . . an agency, arm, subsidiary of, or otherwise directly related to the New York State government entity . . . ." *See id.* at 5.

Based upon Plaintiff's failure to establish any nexus between Defendant's actions and the State of New York to demonstrate that Defendant was acting under color of state law at the time of the actions about which Plaintiff complains, as well as Plaintiff's apparent acknowledgment that no such nexus exists, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2008
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge